JOHN E. GEOHEGAN *et al.* Appellants, *vs.* THE UNION ELE-
VATED RAILROAD COMPANY *et al.* Appellees.

*Opinion filed April 19, 1913.*

1. REAL PROPERTY—*when instructions as to damages are mis-
leading.* Where the trial in an action for damages to land does
not take place for nearly thirteen years after the elevated railroad
complained of was completed and put in operation, and the jury
is instructed to make its estimate of benefits and damages as of
the date the railroad was completed and put in operation, it is er-
ror, after admitting evidence of the enhancement in value of the
property down to the time of the trial, to give instructions author-
izing the jury to take such evidence into consideration and find for
the defendants in case it should find that the plaintiffs' property
was not damaged at the time of the trial.

2. SAME—*when instruction limiting purpose of evidence of in-
crease in value should be given.* In an action for damages to real
estate from the construction and operation of an elevated railroad,
which was completed and in operation nearly thirteen years before
the trial was had, it is error to refuse an instruction offered by the
defendants limiting the consideration of evidence of subsequent in-
crease in value of the property to the purpose of ascertaining the
effect of the construction of the railroad upon the market value of
the property at the time the railroad was completed and opened.

3. SAME—*extent to which the increase or decrease in value of
other property may be considered.* In an action for damages to
real estate from the construction and operation of an elevated rail-
road, the tendency of other property abutting upon the railroad
toward increased or decreased rental or sale values, or the value
of ground leases, can be considered only so far as such tendency
arises from the construction and operation of the railroad, and not
from other causes.

4. SAME—*jury is not required to separate its finding of dam-
ages into items.* In an action for damages to real estate from the
construction and operation of a railroad the jury is not required
to separate its finding into items and assess a definite amount for
each item of injury, and it is error to instruct it, in effect, that
it must find for the defendants, even though the plaintiffs' property
was damaged, if the jurors are unable to agree upon the damage
arising from the separate elements of injury.

5. SAME—*in action for damages the jury's view of premises is
not evidence.* In an ordinary action at law for damages to real
estate the purpose of having the jury view the premises is to en-
able it to understand the physical situation of the property and

apply the evidence, but the facts acquired from such view are not evidence to be considered in arriving at a verdict, although the contrary is true in condemnation cases.

6. APPEALS AND ERRORS—*when cause must be remanded upon reversal.* Where a judgment in favor of the defendants in an action for damages to real estate is reversed the cause must be remanded, as the defendants are entitled to a jury trial, of which the Supreme Court cannot deprive them.

7. The contention that the trial court erred in its view of the character of the benefits which may be set off against damages was decided adversely to appellants' contention in *Brand* v. *Union Elevated Railroad Co. (ante,* p. 133.)

APPEAL from the Branch "B" Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

HARRY S. MECARTNEY, for appellants.

JAMES J. BARBOUR, (ADDISON L. GARDNER, of counsel,) for appellees.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The appellants, on January 25, 1901, began an action on the case in the superior court of Cook county against the appellees for damages caused by the construction of an elevated railroad in the street in front of the appellants' real estate. A demurrer was filed, which was permitted to remain without action taken for nearly five years, when it was withdrawn and pleas were filed on December 5, 1905. After another interval of about five years, during which the cause was continued or passed by agreement of the parties, it was brought to a trial, which resulted in a verdict and a judgment, on October 22, 1910, for the defendants. The Appellate Court affirmed this judgment, and the plaintiffs, having obtained a certificate of importance, appealed to this court.

258 – 23

The real estate in question fronts thirty-eight feet on the east side of Fifth avenue, in the city of Chicago, is eighty feet deep, and lies immediately south of an eighteen-foot alley between Lake and Randolph streets. It is entirely covered by a four-story and basement brick building built in 1882. The first floor and basement were used for stores, and the other floors, which before were unfinished lofts, were in 1891 divided into thirty-two hotel rooms. These uses of the building were continued until the sale of the premises by the appellants, in 1908. The construction of the elevated railroad in Fifth avenue, begun in 1895, was completed and the operation of trains began in October, 1898. A station was built in front of the appellants' lot, covering almost the entire street, extending to the top of the building and having a stairway to the street parallel with the sidewalk.

Counsel for the respective parties have argued at length the question of damages, the appellants' counsel insisting that there is an overwhelming preponderance of the evidence in their favor, and the appellees' counsel that the evidence shows conclusively that the property was benefited and not damaged. With this controversy we are not concerned. There was evidence which required the submission of the case to the jury, and we can consider only errors of law arising upon the trial. Counsel for the appellants contends that the court, in giving and refusing instructions, took an erroneous view of the character of the benefits which may be set off against damages, and he has referred to the argument presented by him in the recent case of *Brand* v. *Union Elevated Railroad Co.* (*ante,* p. 133,) on that question. That argument has been considered. The action of the court in giving and refusing instructions in regard to benefits and damages was in accordance with the views expressed in the opinion in the *Brand case* and was not erroneous.

The court did, however, fall into error in other respects. The trial occurred substantially thirteen years after the completion of the road and the beginning of its operation. The court instructed the jury that their estimate of damages and benefits must be made as of the date when the construction of the railroad was completed and it was put in actual operation. Evidence was introduced, however, of the enhancement of value of the property down to the time of the trial, and the court instructed the jury that if the plaintiffs' property, as a whole, "has not been decreased in its market value, or said property, as a whole, has been or will be beneficially affected in its market value by the construction, maintenance and operation of the said elevated railroad, then you should find the defendants not guilty." Other like instructions were given which would authorize the jury to take into consideration elements of enhancement of value down to the time of the trial and to find a verdict for the defendants in case they should find the property was not damaged at the time of the trial. These instructions were inconsistent with the rule which had previously been given to the jury and were necessarily misleading. They directed a verdict and it was error to give them.

It was also error to refuse the appellants' requested instruction limiting the consideration of evidence of subsequent increase in value of the property to the purpose of ascertaining the effect of the construction of the railroad upon the market value of the property at the time the railroad was completed and put in operation.

The court gave the following instruction to the jury:

"The jury are instructed that in deciding what has been the effect of the construction, maintenance and operation of the elevated railroad upon the market value of the plaintiffs' premises, you may take into consideration, so far as shown by the evidence, the fact as to whether the fair rental value of other property abutting upon said elevated railroad, so far as shown by the evidence, has been since

the construction of said railroad tending to increase or decrease, and also the fact as to whether the sale value of other property abutting on said railroad, so far as shown by the evidence, has since that time been tending to increase or decrease, and also the fact as to whether the rentals fixed by ground leases or property abutting on said railroad, so far as shown by the evidence, have since that time been tending to increase or decrease."

This instruction was erroneous in permitting to be taken into consideration the tendency, for the thirteen years subsequent to the completion of the railroad, of property abutting upon it to increased or decreased rental or sale values, or to increased or decreased rentals on ground leases, without limitation. Such tendency to increased or decreased sale or rental values was proper to be considered as a basis for a verdict only so far as it arose from the construction and operation of the elevated railroad, and not so far as it may have arisen from other causes.

The following instruction given at the request of the defendants was erroneous:

"The court instructs the jury, as a matter of law, although you may believe, from the evidence, that the fair cash market value of plaintiffs' property was damaged by the operation of the elevated railroad in question in this case, if you believe, from the evidence, that part of such damage, if any, was caused by noise in the street by reason of such elevated railroad being there, or by the vibration of the building on the property, or by the interference of view, and you cannot determine, from the evidence, how much of such damage, if any, was due to these things above specified so as to name it in amount and separate it, plaintiffs cannot recover and you must find the defendants not guilty."

The jury were not required to separate their finding into items and assess a separate, definite amount for each item of injury. The total effect of the construction and opera-

tion of the railroad upon the market value of the property was what the jury ought to ascertain. It was proper to instruct them as to what elements should or should not be considered, but not to tell them that they must find for the defendants, even though the plaintiffs' property was damaged, if they could not agree upon the damage arising from separate elements of injury. Under this instruction, if the property had been damaged many thousands of dollars without regard to noise, vibration or interference with view, and had also been further damaged to some extent by the latter causes, still, if the jury could not name the amount of such further damage, separately, the verdict must be for the defendants.

The jury were instructed that the view of the premises, and the facts acquired from such view, so far as they pertained to the special benefits or damages, if any, sustained by the premises from the elevated railroad, were not evidence to be considered in arriving at a verdict. In condemnation cases the statute provides for a view upon the request of either party, and in such cases it has been held many times that the information derived from such view is to be regarded as evidence in the case. But this is an ordinary common law action, in which the purpose of the view is only to enable the jury to understand the physical situation and apply the evidence to it. The instruction stated the correct rule. *Rich* v. *City of Chicago,* 187 Ill. 396.

It is urged that the case is brought for the construction of the railroad for railroad purposes,—not for the construction, maintenance and operation, but for the construction for the purpose of being maintained and operated forever in a certain way; that a number of the instructions tell the jury that the issue is whether the premises have been damaged by the "maintenance and operation" or the "operation" alone of the railroad, and only three or four have the word "construction" in them, and that the instructions were therefore erroneous. The instructions, in

view of the evidence introduced, could not have been mis-leading. The construction, maintenance and operation of the road and the effect upon the value of the property were all proved and under the declaration were properly proved. The jury could not have misunderstood the issue, and the omission of the word "construction" from some of the instructions was an inaccuracy which did not materially affect the instructions as a whole.

We are asked to reverse the judgment for the defendants and render a judgment in favor of the plaintiffs, but the appellees are entitled to a trial by jury, of which we can not deprive them. *City of Spring Valley* v. *Spring Valley Coal Co.* 173 Ill. 497.

The judgments of the Appellate Court and the superior court are reversed and the cause is remanded to the superior court.

*Reversed and remanded.*