# Honore Palmer and Potter Palmer, Jr., Executors, Plaintiffs in Error, v. Union Elevated Railroad Company, Defendant in Error.

## Gen. No. 23,455.

1. ELEVATED RAILROADS, § 3*—*what evidence admissible in action for damages for construction and operation of "loop."* In an action to recover damages for the construction and operation of defendant's elevated "loop" railroad in front of the premises in question, the evidence was not required to be confined to that which pertained to the stations near or in front of the property in question, nor to the block in which such property was located; and it was proper to consider any evidence tending to show that the property had been enhanced in value by reason of the construction and operation of the railroad, and the question of benefit was not required to be limited to such block.

2. ELEVATED RAILROADS, § 3*—*when instruction properly refused in action for damages for construction and operation of "loop."* In an action to recover damages for the construction and operation of defendant's elevated "loop" railroad in front of the premises in question, an instruction was properly refused, which sought to direct the jury to exclude from their consideration such elevated travel facilities as the property enjoyed immediately prior to the construction of the loop.

3. COURTS, § 150*—*when holding of Supreme Court in matter of particular instruction is binding on Appellate Court.* The Appellate Court cannot hold contrary to the ruling of the Supreme Court holding an identical instruction improper.

4. COURTS, § 150*—*when instruction properly refused because held improper by Supreme Court.* In an action to recover damages for· the construction and operation of defendant's elevated "loop" railroad in front of the premises in question, an instruction was properly refused which sought to tell the jury that "the burden of showing any offset to or reduction of the amount of such damage by reason of market benefit from travel facilities furnished by the so-called 'loop' railroad to the premises in question was upon the defendant," the Supreme Court having held an identical instruction improper.

Error to the Circuit Court of Cook county; the Hon. DAVID F. MATCHETT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1918. Affirmed. Opinion filed October 15, 1919.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

OLIVER & MECARTNEY, for plaintiffs in error.

GARDNER, FOOTE & BURNS, for defendant in error; ROGER L. FOOTE, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Bertha H. Palmer brought this action on the case against the Union Elevated Raidroad Company to recover damages for the defendant's having constructed and put into operation the elevated "loop" railroad in front of her premises. The case has been tried twice. The first trial resulted in a disagreement of the jury, and in the present trial there was a verdict of not guilty. A motion for a new trial was overruled and judgment entered on the verdict. While the case was pending Mrs. Palmer died and her executors have been substituted in her stead.

The only question of fact for the determination of the jury was, had the market value of the property been depreciated by the construction, maintenance and operation of the elevated railroad? This question was determined in favor of the defendant, and counsel for plaintiff does not contend that this determination is not in accordance with the evidence, but his complaint is that the court erred in the admission and exclusion of evidence, and in the giving and refusing of instructions.

The error claimed in the admission and exclusion of evidence is that the court violated the doctrine of "peculiar or station benefits." As we understand counsel's argument on this point, it is that the only evidence which was proper to be admitted and considered was that which pertained to the stations near or in front of the property—that the evidence of benefits should be confined to the block in which the property is located. It has been repeatedly held by

the Supreme Court in other "loop" railroad cases which involved the same facts as in the instant case that it was proper to consider any evidence that would tend to show that the property had been enhanced in value by reason of the construction and operation of the railroad. *Brand v. Union El. R. Co.*, 258 Ill. 133; *Geohegan v. Union El. R. Co.*, 258 Ill. 352; *McCoy v. Union El. R. Co.*, 271 Ill. 490. And in these cases the Supreme Court did not limit the question of benefits to the particular block in which the property claimed to be damaged was located.

Complaint is also made of the court's refusal to give instruction No. 2, offered by plaintiff, by which it was sought to direct the jury to exclude from their consideration such elevated railroad travel facilities as the property enjoyed immediately prior to the construction of the "loop." This instruction was wrong, because the evidence of these travel facilities was proper to be considered in determining what the market value of the property was prior to the construction of the "loop," and of course the market value at that time must be shown in order to determine whether the market value was less immediately after the road was constructed and put into operation.

It is also contended that error was committed by the trial court in refusing to submit instruction No. 6 offered by the plaintiff. This instruction is identical with an instruction that was held improper in *Geohegan v. Union El. R. Co.*, 266 Ill. 482, where the facts were substantially the same as in the instant case. The refusal of plaintiff's instruction No. 7 was also based on the same authority, and of course this court cannot hold otherwise. Plaintiff's instruction No. 8 was properly refused because it sought to tell the jury that "the burden of showing any offset to or reduction of the amount of such damage by reason of market benefit from travel facilities furnished by the so-called 'loop' railroad to the prem-

ises in question is upon the defendants.'' This identical instruction was also held properly refused in the same case.

We have carefully considered all the errors claimed to have been committed by the trial court in giving instructions on behalf of the defendant, and also all other arguments advanced by counsel for the plaintiffs, and upon such consideration we have been unable to find any question that has not heretofore been passed on adversely to plaintiffs' contentions, in the former ''loop'' cases, and further a discussion of them, therefore, would serve no useful purpose.

The judgment of the Circuit Court of Cook county is affirmed.

*Affirmed.*