(No. 13113.—Judgment affirmed.)

JOHN E. GEOHEGAN *et al.* Plaintiffs in Error, *vs.* THE UNION ELEVATED RAILROAD COMPANY *et al.* Defendants in Error.

*Opinion filed February 18, 1920—Rehearing denied April 14, 1920.*

1. EMINENT DOMAIN—*special benefits are not confined to increased traffic in particular block.* Special benefits do not become general benefits because they are common to other property in the vicinity, and to offset damages to property not actually taken in the construction of an elevated railroad in the business district of a city the benefits to such property from increased traffic which may be considered are not limited to a consideration of the increased traffic in the block in which the property is located. (*McCoy* v. *Union Elevated Railroad Co.* 271 Ill. 490, explained.)

2. SAME—*what is to be considered in estimating damages to property not taken in construction of elevated railroad.* In estimating the damages to property not taken in constructing an elevated railroad the question to be considered is the total effect of the construction and operation of the railroad upon the market value of the property.

3. PRACTICE—*when attorney cannot present brief of opposing counsel used in another case.* The rules of the Supreme Court do not permit an attorney to attach as an appendix to his brief a copy of a brief used by opposing counsel in another case for the purpose of showing such counsel's view of the law in that case.

CARTWRIGHT and DUNCAN, JJ., dissenting.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. MARTIN M. GRIDLEY, Judge, presiding.

HARRY S. MECARTNEY, for plaintiffs in error.

GARDNER, FOOTE, BURNS & MORROW, (RANDALL W. BURNS, of counsel,) for defendants in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was an action brought by plaintiffs in error to recover damages to property abutting upon the elevated railroad structure on Fifth avenue, in Chicago. This case has been twice before this court under the same title, in 258 Ill. 352, and 266 id. 482. On this third trial before a jury there was a verdict for defendants in error and judgment entered thereon. This writ of error is sued out to reverse that judgment.

The opinions of this court in the two cases above mentioned state practically all the information necessary to an understanding of the issues in this suit. It was stipulated on this hearing that considerable of the evidence offered on the former hearing should be admitted here, and some new evidence was also heard. The record contains testimony as to the occupancy of the property before and after the elevated road was constructed and the rentals paid during the various years to the owners by the different tenants. Testimony was also offered by plaintiffs in error as to damage to said property, the estimates ranging from $22,659 to $27,000. The testimony heard on behalf of defendants in error was to the effect that the construction of the elevated railroad resulted in a benefit to the property, although the witnesses did not testify as to any definite amounts.

The principal, if not the only, controversy in this case is whether or not there was a proper classification of the different kinds of benefits which might be shown in the evi-

dence to be submitted to and considered by the jury.  Counsel for plaintiffs in error is the same counsel who appeared on their behalf in the two former trials in the lower court and in the appeals to this court, and also on behalf of the property owners in *Brand* v. *Union Elevated Railroad Co.* 258 Ill. 133, and *McCoy* v. *Union Elevated Railroad Co.* 271 id. 490.  These last two named cases were taken by the same counsel on writs of error to the United States Supreme Court, and are found under the same titles in 238 U. S. 586, and 247 id. 354.  In both these last named cases practically the same questions as to the damages to be allowed in a case of this kind were considered and passed upon both here and in the United States Supreme Court, and we consider that what was said in those cases answers in a practical way all the arguments urged by counsel for plaintiffs in error in this case; but counsel argues strenuously that this court in *McCoy* v. *Union Elevated Railroad Co. supra,* (the last case decided by this court,) laid down a different rule as to the benefits that should be considered by the court and jury in an action of this kind in deciding whether or not the property had been damaged, and that the trial court did not follow that rule.  His argument is, as stated in one portion of his brief, that the settled law as laid down by this court in that case is, "that only 'peculiar' benefits can be considered in eminent domain cases, corresponding to 'peculiar' damage, which in this case amounted simply to allowing the benefit from the one particular station." His argument, as we understand it, is that the benefits to be considered by the witnesses and the jury must be confined to those benefits arising from the construction and operation of the elevated railroad in the same block in which the property is located, or, to put it another way, that the passenger traffic on the elevated railroad shall only be considered with reference to the station located in the block where the property is situated.  In another place in the brief he argues that these special or peculiar benefits must

be limited to the street in front of the block in which the property is located, and the space between the intervening streets at each end of the block is referred to by him as the "easement scope," "territorial scope" and "physical scope" of the lot and its street easement. On the trial of this case in the superior court evidence was admitted as to the passenger traffic received and discharged at the Randolph street station, in the block in which this property is situated on Fifth avenue, and also the traffic received and discharged at the station on Clark street, around the corner and about two blocks east of the property in question, and also the passenger traffic received and discharged at Madison street and Fifth avenue, about two blocks south of the property here in question. While we do not think there is any part of the opinion in *McCoy* v. *Union Elevated Railroad Co. supra,* on which to base the argument of plaintiffs in error, counsel has argued at such length and so earnestly that we think it proper to refer at some length to what was stated by this court in that case. This court there said (p. 494): "The contention made by plaintiffs in error, upon which most of the assignments of error depend, is, that the benefits to the premises by reason of the increased travel in front of the premises resulting from the operation of the elevated railroad in VanBuren street as a part of the loop cannot be considered in determining whether the premises have been damaged by the construction of the elevated structure and the operation of trains thereon, first, because such benefits are general benefits, common to all the property in the vicinity; and second, because such benefits are conjectural and speculative. The same contention was made in *Brand* v. *Union Elevated Railroad Co.* 258 Ill. 133, *Geohegan* v. *Union Elevated Railroad Co.* 258 id. 352, and *Geohegan* v. *Union Elevated Railroad Co.* 266 id. 482, and in each of those cases we held that such benefits should be considered in determining whether premises abutting on a public street have been damaged by the construction and op-

eration of an elevated railroad in such street. The reasons
for such holding were fully set forth in the opinions filed
in the cases above mentioned, and it would serve no useful
purpose to repeat them here." It is clear from the reading
of such quoted portion of the opinion that counsel has no
real ground for arguing that the court intended to limit the
benefits in any manner different from that in which it lim-
ited the benefits in the former decisions. On the contrary,
it intended to follow the rule on this question laid down in
those decisions.

In *Brand* v. *Union Elevated Railroad Co. supra,* this
court discussed at length the question of what benefits should
be considered, and stated (p. 137) that while there was a
conflict between decisions of this State and those of some
other States, this court was in accord with those cases in
other States which hold that "only special benefits are to be
considered in making just compensation for land damaged
by but not taken for a public use. The difference is prin-
cipally as to what are general benefits and what are special
benefits. Some courts hold that only those benefits are spe-
cial which directly and physically operate upon the particular
property in a manner different from and not shared in com-
mon by other property in the neighborhood and which enable
the owner to use it with greater advantage. All other ben-
efits which increase the market value of the particular prop-
erty in common with other property in the neighborhood are
held to be general benefits. This view has not been adopted
in this State." Again, the opinion states with reference to
what are special benefits (p. 138) : "In other words, it is
not such benefit as is special to the particular property,
thereby excluding the consideration of such benefits as are
common to other property similarly situated, but is such
benefit as that the particular property is by the improvement
enhanced in value,—that is, specially benefited. * * * If
a piece of property is enhanced in value, such enhance-
ment,—or, in other words, benefit to the property,—cannot

be said to be common to any other piece of property. Each piece of property especially enhanced in value is thus specially benefited within itself and irrespective of the benefit that may be conferred by the improvement upon other properties." Again, on page 140: "Special benefits do not become general benefits because the benefits are common to other property in the vicinity." The doctrine of that case on this point was referred to with approval by this court in the opinion when this case was first before this court.

It seems very clear from a reading of these opinions together, that the court in the opinion in *McCoy* v. *Union Elevated Railroad Co. supra,* did not intend in any way to limit differently than theretofore the benefits that should be considered in ascertaining whether or not the property had been damaged. The Supreme Court of the United States in reviewing the *McCoy case, supra,* certainly did not assume that in its opinion this court had laid down the rule as counsel for plaintiffs in error here contends, because that court said (p. 362): "In the trial court the main conflict was waged over the question as to whether or not the court should admit on behalf of the defendants evidence of 'general' or 'travel' benefits occurring from the establishment of the loop in its *entirety,* or whether the evidence should be held down to the issue of 'direct, proximate and physical effect.' Said court, following the late ruling of the Illinois Supreme Court in *Brand* v. *Union Elevated Railroad Co.* 258 Ill. 133, * * * tried the case upon the basis of allowing this special damage to be offset or reduced by or considered in connection with the estimated amount of market benefit that accrued to the premises from 'travel benefits.'" The United States Supreme Court also in that opinion stated (p. 364): "How far benefits must be considered in determining damages to property when claimed on account of a public improvement is a vexed question, which has given occasion for numberless decisions in different States as well as much legislation." The opinion then

refers to the five classes given in Lewis on Eminent Domain, (vol. 2, 3d ed. sec. 687,) and the three classes given in Nichols on Eminent Domain, (vol. 2, 2d ed. sec. 256,) as to the kinds of benefits in a case of this kind. After discussing the question as to what damages ought to be considered the opinion states (p. 366) : "And we are unable to say that he suffers deprivation of any fundamental right when a State goes one step further and permits consideration of actual benefits—enhancement in market value—flowing directly from a public work, although all in the neighborhood receive like advantages. In such case the owner really loses nothing which he had before, and it may be said with reason there has been no real injury."

This court held, in substance, when *Geohegan* v. *Union Elevated Railroad Co.* was first here, that the question was the total effect of the construction and operation of the railroad upon the market value of the property; that the erection of the structure, alone, may not have been injurious, but the question was, what was the combined effect of construction and operation. When the case was here the second time the court said that (p. 497) "the total effect of the construction and operation of the railroad was the injury appellees had the right to complain of, if there was an injury."

We can find no basis from all of these opinions, considered together, for any argument of weight upholding the contention of plaintiffs in error that this court in the *McCoy case, supra,* intended to or did state any different rule as to the limitation to be laid down as to benefits to be considered. In that case evidence was heard as to the passenger traffic received and discharged at the station in the block in which the McCoy property was situated and also at the station over a block east of the McCoy property in another city block. There was no attempt in the opinion to state directly or indirectly that the increased traffic must be confined to the block in which the property was situated or

to the station located in that block. The terms "easement scope" or "neighborhood scope," and other terms of like nature, were not referred to in any way in the opinion in the *McCoy case, supra.*

Counsel argues at length that opposing counsel in this case, who were the opposing counsel in the *McCoy case* in the Supreme Court of the United States, substantially by their briefs in that court took the same position as to limiting benefits as counsel for plaintiffs in error is arguing for here, and he has submitted as an appendix to his brief a copy of the brief of counsel for the defendants in error in that case filed in the *McCoy case* in the United States Supreme Court. The rules of our court do not permit the brief of counsel in another case to be brought into a case in this manner, and we do not consider it proper practice to permit it. But even conceding that we had this brief properly before us for consideration, we cannot see what merit the position of counsel in another case has on the question of what is the proper rule to be laid down in a case of this kind.

Counsel for plaintiffs in error also argues that the trial court, in admitting the evidence, permitted counsel for defendants in error a larger scope as to the benefits to be considered than it permitted to plaintiffs in error. We do not so understand the record.

Counsel for plaintiffs in error also earnestly argues that the trial court erred in refusing to give instructions "A" and "D" asked by him. Refused instruction "A" reads as follows:

"The jury are instructed that in considering the question of whether the premises in question were or were not damaged by the construction, maintenance and operation of the said elevated railroad, you are to exclude from consideration all benefit, if any, as shown by the evidence, which accrued to the said premises by reason of travel facilities

furnished by said so-called loop railroad to the community at large and to the general neighborhood, and you are to include in your consideration all benefit, if any, as shown by the evidence, from travel facilities arising from the location of the station in the block and in front of the premises."

Refused instruction "D" states in greater detail the same general rule by which counsel desired the jury to be governed in considering the question of benefits. It is clear from what has already been said that this court has held directly to the contrary in its former decisions as to the subject to which these instructions related. There has been no attempt in any of the opinions in this court on this question, or by the United States Supreme Court, to lay down any such limitation as requested in these instructions.

Counsel for plaintiffs in error in his brief has reviewed at length all the former decisions of this court on this question. Many of those decisions by title, and all of them in principle, have been referred to and considered by this court in the opinions in the former cases heretofore cited, and we do not deem it necessary to refer specifically to the other decisions. Any seeming conflict in those decisions, in our judgment, has been fully passed upon in the opinion in *Brand* v. *Union Elevated Railroad Co. supra,* and the other recent cases in this court heretofore cited herein, where this question of damages, under similar conditions, has been considered and decided.

We find no reversible error in this record. The judgment of the superior court will therefore be affirmed.

*Judgment affirmed.*

CARTWRIGHT and DUNCAN, JJ., dissenting.