# CASES

# SUPREME COURT

OF

# WASHINGTON

[No. 17831. Department One. July 31, 1923.]

## ERNEST B. MACDONALD, *Respondent*, v. THE CITY OF SEATTLE, *Appellant*.[1]

STREET RAILROADS (20, 30)—COLLISION AT CROSSING—CONTRIBU-TORY NEGLIGENCE—QUESTION FOR JURY. The contributory negligence of the driver of an auto, approaching an intersecting street and street car tracks, is for the jury, where he looked for an approaching car when forty or fifty feet from the crossing with a clear view for 175 feet, and saw no car, he was then required to watch the movement of a street car approaching from the opposite direction, and had a right to assume that, with street cars operated at a reasonable speed, he could cross in safety.

SAME (23)—COLLISION AT CROSSING—PROXIMATE CAUSE—LAST CLEAR CHANCE. The doctrine of last clear chance cannot often apply to collisions at street intersections, and does not apply where, although plaintiff's negligence may have put him in a position of danger and had terminated, the defendant did not see or appreciate the danger in time to have avoided the accident.

SAME (31)—COLLISION AT CROSSING—INSTRUCTIONS. An instruction as to the doctrine of last clear chance to avoid a collision between an automobile and street car is reversible error where there was no evidence that the motorman saw, or by the exercise of reasonable care should have seen, plaintiff's peril in time to have avoided the accident.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered October 3, 1922, upon

'Reported in 217 Pac. 39.

the verdict of a jury rendered in favor of the plaintiff, in an action for damages sustained in a collision with a street car.  Reversed.

*Thomas J. L. Kennedy* and *Geo. A. Meagher,* for appellant.

*Clay Allen* and *Winter S. Martin,* for respondent.

BRIDGES, J.—At the intersection of Third avenue and Wall street, in Seattle, the plaintiff was injured and his automobile wrecked by coming into collision with a street car.  Plaintiff's suit for damages was tried before a jury, and the defendant has appealed from a judgment against it.

The jury might have concluded the facts to be as follows:  Third avenue runs northerly and southerly and intersects Wall street, which runs easterly and westerly; both streets being prominent thoroughfares. There is a double street car track on Third avenue. The respondent was driving westerly on Wall street, and thus approaching the intersection.  On his right-hand side there were no obstructions to his view of approaching traffic down Third avenue from the north. On his left there was a building, flush with the sidewalk, which to some extent obstructed his view looking south along Third avenue.  He was driving at about fifteen miles per hour, and observed a street car coming down Third avenue about a block north of Wall street.  When he was at a point about fifty feet from the intersection, he looked to the south where he could see down Third avenue about 175 feet from the intersection, and did not see any approaching street car or vehicle.  He slowed down his speed a little, again looking to the north for the purpose of seeing the location of the street car that he had previously seen coming from that direction, and when he got

about ten feet from the nearest street car rail, he again looked to the south on Third avenue and saw a street car almost upon him and traveling at a speed of from twenty-five to thirty-five miles an hour. Realizing that he would be unable to cross in front of the car, and appreciating his dangerous situation, he turned his automobile sharply to the north, but in so doing unavoidably went upon the street car track and was hit in the. rear of the automobile by the oncoming street car. There was testimony to the effect that the ·street car gave no bell or other signal of its approach until it was too close to the respondent's car to make the warning of any avail to him.

The appellant here first contends that its motion for nonsuit should have been granted, because the evidence conclusively showed that the respondent was guilty of such contributory negligence as was the proximate cause of his injury. The argument is that the respondent was in duty bound to look to the south on Third avenue for approaching vehicles, before coming so close to the tracks that he could neither stop nor turn out of the way.

It is our view that the question of contributory negligence was one for the jury. If respondent had not looked to the south until he was so close to the track as to be unable to avoid being hit by the oncoming street car, he would certainly have been guilty of negligence. But such are not the facts. He testified that he first looked down Third avenue when he was some forty or fifty feet away from the crossing, and that he could see in that direction about one hundred and seventy-five feet, and that no street car was coming. He was also required to watch the movement of the street car coming from the north. He had a right, in the absence of knowledge to the contrary, to presume

that the appellant would operate its street cars at a reasonable rate of speed, and it was for the jury to determine whether he was negligent in assuming that he would be able to cross the tracks when there was no street car within one hundred and seventy-five feet of him, and he was only forty or fifty feet from the tracks.

Whether the court should have submitted to the jury the question of last clear chance is a matter of greater difficulty. It instructed the jury as follows:

"You are further instructed . . . . that although you may believe that the plaintiff was guilty of negligence, if on the other hand, you should believe that the motorman in charge of the car saw the plaintiff's dangerous position and could thereafter have prevented the accident but failed to do so, that the verdict should be for the plaintiff, because the motorman is obliged to exercise a reasonable degree of care to prevent the accident after seeing plaintiff's dangerous position, and although he may have been negligent in getting in the way of the car."

The appellant does not attack this instruction as an incorrect expression of the doctrine of last clear chance, but argues that that doctrine was not involved in the case and that this instruction was inappropriate and prejudicial error.

This doctrine is confined within narrow limits and, by the very nature of things, cannot often be applicable in cases for damage resulting from collisions at intersections of streets. Whatever may be the rule elsewhere, its limits in this state are well fixed and defined. Unless there is testimony in support of the following facts and circumstances the doctrine cannot be applied; first, plaintiff's negligence must have put him in a position of danger; second, the plaintiff's negligence must have terminated; third, the defendant must

have seen, or, by the exercise of reasonable care, should have seen and appreciated plaintiff's dangerous position long enough before the collision to have avoided it by stopping his vehicle and slowing down its speed.

In *Hartley v. Lasater,* 96 Wash. 407, 165 Pac. 106, it is said:

"Last clear chance implies thought, appreciation, mental direction, and the lapse of sufficient time to effectually act upon the impulse to save another from injury, or the proof of circumstances which will put the one charged to implied notice of the situation. . . . To invoke the doctrine of last clear chance, we must grant the negligence of respondent and find that his negligence 'had terminated or culminated in a situation of peril from which the exercise of ordinary care on his part would not extricate him;' that appellants knew and appreciated his danger and could, in the exercise of reasonable care, have avoided injuring him."

In the case of *Burlie v. Stephens,* 113 Wash. 182, 193 Pac. 684, concerning this matter, we said:

"This doctrine can never arise where the party charged is required to act instantaneously. It presupposes contributory negligence, and where that negligence creates instantaneously a dangerous situation, without an appreciable lapse of time in which to avoid it, there is no room for its application."

For the purposes of this decision, it may be conceded that the respondent had put himself in a perilous position from which he could not with reasonable care extricate himself, and that his negligence, if any, had terminated, and by such concession, that much of the doctrine of last clear chance may be found in this case. But there is no testimony which even tends to show that the motorman on the street car saw, or by the exercise of reasonable care should have seen, the respondent's perilous position and appreciated the

danger within time to have avoided the collision. It seems to be admitted that respondent was approaching the crossing at a speed of not to exceed fifteen miles per hour, and probably less. The ordinances of the city provide that street cars shall have the right of way at all street intersections. It may be assumed that the motorman actually saw the respondent approaching the tracks. Under these circumstances, knowing he had the right of way, he would have the right to believe that respondent would come within some six or ten feet of the track and stop there. In other words, the motorman could not know that the automobile was in, or liable to be in, a position of peril until it passed that point where the indications were its driver did not intend to stop it. If the motorman saw this automobile approaching ten or fifteen feet away, he would not be called upon to presume that it would not stop before reaching the tracks, unless there was something connected with the acts or conduct of its driver to indicate that he did not intend to stop. Everybody knows that an automobile will come up to within six or ten feet of a street car track and there stop for the purpose of allowing the street car to pass. When respondent's automobile came within the danger zone, the street car, if traveling at a lawful rate of speed, must have been about fifteen or twenty feet from the automobile, and if traveling at the rate of speed testified to by some of the plaintiff's witnesses, it must have been some thirty feet from the automobile, and it is perfectly plain that, under neither circumstances, could the motorman have stopped his car or checked it to the extent of avoiding the injury. It cannot be that the doctrine of last clear chance is applicable to such a set of facts, and whether it is applicable is a question of law for the court to decide. *Hartley*

*v. Lasater, supra; Burlie v. Stephens, supra.* If this doctrine is applicable under the facts here, then it would be applicable to nearly every street intersection accident, which would be carrying it infinitely farther than its principles would justify.

In *Johnson v. Washington Water Power Co.,* 73 Wash. 616, 132 Pac. 392, discussing this question, we said:

"A motorman has the right to assume that a person on the street will exercise such care to avoid injury, and he may lawfully act on that assumption, until the conduct of the person warns him to the contrary. Here the motorman could not know that the appellant would drive onto the track in front of the car until he actually did so, and it was then impossible for him to stop in time to avoid the injury."

In *Heath v. Wylie,* 109 Wash. 86, 186 Pac. 313, we said:

".Appellant invokes the doctrine of last clear chance. There is no merit in the claim. The street was unobstructed, and appellant who could plainly see, was using a light automobile which he said could be stopped within three feet. From the evidence, there was nothing to reasonably indicate to the motorman on the street car any purpose or lack of ability on the part of appellant inconsistent with the duty or intention of managing his light, easily handled automobile in the ordinary careful manner, until it was too late for the motorman to avoid the collision."

Respondent cites and greatly relies upon *Wickman v. Lundy,* 120 Wash. 69, 206 Pac. 842. The comparison of the facts of that case with those here but serves to show under what circumstances the doctrine of last clear chance will be applicable. There a boy ran out into the street from a sidewalk. The driver of the automobile which hit him saw him leave the sidewalk. We said:

''Under these circumstances, the jury had a right to believe that, since the boy ran some sixteen feet after the appellant saw him enter the street, at that time the automobile was far enough away that it could have been stopped, or, at least, so checked as to avoid a collision.''

It is our conclusion that the court erred in submitting the question of last clear chance to the jury, which error is reversible. *Johnson v. Seattle,* 113 Wash. 487, 194 Pac. 417. Judgment reversed and cause remanded for new trial.

MAIN, C. J., MACKINTOSH, HOLCOMB, and MITCHELL, JJ., concur.