[No. 20510.  Department One.  September 1, 1927.]

VINCENT MILLSPAUGH, *by his Guardian ad Litem H. L. Millspaugh, Appellant,* v. ALERT TRANSFER & STORAGE COMPANY *et al., Respondents.*[1]

[1] HIGHWAYS (52, 57)—ACTION FOR INJURIES—NEGLIGENT USE OF MOTOR VEHICLE—EVIDENCE—SUFFICIENCY.  One riding a motorcycle in violation of Rem. Comp. Stat., § 6334, requiring a light showing tinted rays visible for five hundred feet, is guilty of contributory negligence as a matter of law, in colliding with a truck, stopped on the highway, where it appears that the light was adjusted to throw a beam only twenty or thirty feet, and he failed to show that this violation of the law did not contribute to the accident.

Appeal from a judgment of the superior court for Cowlitz county, McKenney, J., entered October 11, 1926, upon sustaining a challenge to the sufficiency of the evidence in an action for personal injuries sustained in a highway collision.  Affirmed.

*E. D. Germain* and *W. H. Sibbald,* for appellant.

*Fisk & McCarthy* and *Winter & Maguire,* for respondents.

FULLERTON, J.—The respondent Alert Transfer & Storage Company is engaged in the business of transporting freight for hire in automobile trucks over the public highways of the state of Washington, under a

¹Reported in 259 Pac. 22.

license authorizing it so to do, issued by the public authorities of the state. The respondent Pacific Automobile Indemnity Exchange is the surety on its official bond. A part of the highway over which the transfer company operates, passes through the town of Woodland. Extending over the highway, and marking the north boundary of the town, is a structure in the form of an arch, beneath which is hung an electric light. In the early morning of August 21, 1925, while it was yet dark, the transfer company drove one of its trucks over the highway in a northerly direction through the town of Woodland, and for a distance of between seventy-five and one hundred feet beyond the arch. At that point, the lights of the truck went out and the truck was stopped. As it stopped, the truck stood angling on the highway, the front end, near the right margin of the way, and the left end near its center, the left rear corner of the truck possibly extending a few inches beyond the center. While the truck was so standing, the appellant Vincent Millspaugh, riding a motorcycle northerly over the highway, ran into the rear of the truck, and received personal injuries.

In this action, the appellant sought to recover for the injuries suffered by the collision. Issue was joined on his complaint, and a trial was entered upon before the court sitting with a jury. At the conclusion of the evidence on the part of the appellant, the court sustained a challenge to its sufficiency, and entered a judgment of dismissal with prejudice.

In sustaining the challenge to the evidence, the trial court did not question it as to its sufficiency to make a *prima facie* case of negligence against the transfer company, but held that the evidence conclusively showed that the appellant was guilty of negligence contributing to the injury. Whether the court rightly so held, is the question presented on this appeal.

[1] The statute provides (Rem. Comp. Stat., § 6334) that motorcycles driven upon a public highway shall carry a light on the front thereof, which shall show white or yellow tinted rays visible at least five hundred feet in advance of such motor vehicle, and that such light shall be so deflected and arranged as

"  .  .  .  to produce sufficient light to reveal objects at least one hundred and fifty feet ahead thereof, and ten feet on either side of the center line of said vehicle, measured at a distance of ten feet in front thereof  .  .  . "

It is settled law in this state that a thing done in violation of positive law is in itself negligence. *Twedt v. Seattle Taxicab Co.*, 121 Wash. 562, 210 Pac. 20; *Benson v. Anderson*, 129 Wash. 19, 223 Pac. 1063. The rule does not mean that a driver of a motor vehicle must always drive within the "radius of his lights" (*Morehouse v. Everett*, 141 Wash. 399, 252 Pac. 157); nor does it mean that the mere violation of the law will, in all cases, preclude a recovery where an injury results. *Hullin v. Seattle Taxicab Co.*, 119 Wash. 311, 205 Pac. 403. But it does place the burden upon the party guilty of a violation of positive law to show that such violation did not contribute to the injury in any material degree. *Twedt v. Seattle Taxicab Co., supra.*

The trial court based its conclusion that the appellant was guilty of negligence contributing to the injury on the testimony of the appellant and that of his companion who was riding on the motorcycle behind him, given in his case in chief. The appellant testified, with respect to the light on the motorcycle, that it was "adjusted to throw a beam ahead a shorter distance than usual on motorcycles—between twenty and thirty feet." His companion, in answer to the inquiry, "How far do you think the light would show

an object," answered, "On that motorcycle, about twenty-five to thirty feet." The appellant sought to show that the want of a proper light did not contribute to the accident, by showing that the electric light under the arch mentioned so interfered with vision ahead that an object could not be seen beyond it until the light was reached. This showing would have force, were it shown that the truck was stopped immediately beyond the light, or so close as to prevent seeing and avoiding it after the arch light was reached. But the evidence is that it was nearly one hundred feet beyond the light, that it did not obstruct the entire highway, and that it became visible with properly equipped lights as soon as the electric light was reached. Indeed, there is positive evidence in the record that it could be avoided in the exercise of reasonable care by a person approaching in the same situation that the appellant approached it. A driver of a passenger automobile, going in the same direction the appellant was going, traveling at a higher rate of speed than the appellant was traveling—the automobile traveling between twenty-five and thirty miles per hour, while the motorcycle was traveling between eighteen and twenty—discovered the truck in time to avoid it, after passing the electric light.

Since the appellant was guilty of negligence in operating his motorcycle in violation of the state law, and since he did not show that such negligence did not contribute to the injury he received, we conclude that the trial court did not err in its judgment dismissing his action. The judgment will, therefore, stand affirmed.

MACKINTOSH, C. J., MAIN, MITCHELL, and FRENCH, JJ., concur.