[No. 23069. Department One. September 3, 1931.]

ALBERT H. STUBBS, *Appellant*, v. DANIEL BOONE et al., *Respondents*.[1]

*Wright & Wright* and *Geo. D. Lantz*, for appellant.
*Shorett, Shorett & Taylor*, for respondents.

[1]Reported in 2 P. (2d) 727.

PARKER, J.—The plaintiff, Stubbs, seeks recovery of damages for the death of his minor son Robert, claimed as the result of the alleged negligent driving of an automobile belonging to the defendants, Boone and wife. Defendants, Boone and wife, and their son Daniel Jr., the driver of their car, by their answer, denied negligence on their part, and alleged negligence on the part of plaintiff's deceased son Robert as the proximate cause of his injury and death. The evidence produced upon the trial, as the trial court ruled, called for the application of the doctrine of the last clear chance, and the jury was instructed accordingly. Trial of the cause proceeded in the superior court for King county, sitting with a jury, and resulted in a verdict denying to the plaintiff recovery and a final judgment accordingly, from which he has appealed to this court.

Nickerson street, in Seattle, is referred to in the record before us as running east and west, and as being intersected by Warren avenue running north and south. We shall so assume, though these directions so stated are only approximately correct. Nickerson street has upon it two street car tracks. North of the tracks the roadway is improved only by gravel surfacing, while south of the tracks the roadway is improved by a concrete pavement eighteen feet wide, the north edge of which is one and one-half feet south of the south rail of the tracks. This pavement is used by both east and west bound vehicle traffic.

At about four o'clock of the afternoon in question, it being daylight, the visibility was unimpaired at and for a distance of several hundred feet east and west from the intersection. The Boone car was then being driven west along the north half of the pavement on Nickerson street, approaching the intersection. At the same time, appellant's son Robert, with another boy,

was walking across the tracks along the east side of the intersection. When the Boone car arrived at about half a block from the intersection, the boys had arrived at the south rail of the tracks and stopped just off the pavement, intending to cross the pavement when traffic conditions thereon offered them fair opportunity for doing so.

The driver of the Boone car, seeing the boys standing there, sounded his horn and attracted the attention of at least one of the boys. There was then an auto road grading machine proceeding east on the south half of the pavement, which was at least one of the vehicles which the boys were waiting to let pass. The Boone car proceeded, the driver assuming that the boys would wait for it to pass. When the Boone car was not in excess of fifteen feet from opposite the boys, one of them, appellant's son Robert, suddenly proceeded across the pavement in front of the Boone car, and was struck by it and thrown some distance to the west and south, coming to rest on the south portion of the pavement, the Boone car proceeding a short distance farther past the injured boy before coming to a stop.

The principal contention here made in behalf of appellant is that the trial court erred to his prejudice in refusing to give to the jury an instruction requested by his counsel expounding the doctrine of last clear chance as applicable to the situation of his son Robert prior to his starting to cross the pavement, reading as follows:

"If you find from a preponderance of the evidence that the position of plaintiff's son was seen by Daniel Boone, Jr., that the appearance of plaintiff's son, or his acts and conduct, showed an intention on his part to cross the pavement and that he was unaware, if unaware, of the danger of being struck by, or colliding with, the automobile and might walk, jump or run

into the course of it at a time too late for said driver of the automobile to avoid a collision with him; and, that the same became apparent to said driver in time to avoid, and he would have avoided, the collision with plaintiff's son, had he exercised such care as a reasonably careful and prudent driver would have exercised under the same or similar circumstances—then, even though you also find from such evidence that plaintiff's son was guilty of contributory negligence in starting across the pavement under the circumstances there existing, your verdict should be for the plaintiff.''

It is further contended in this connection in behalf of appellant that the trial court unduly limited the application of the last clear chance rule to the situation in giving to the jury an instruction as follows:

''There is one doctrine under which contributory negligence may not defeat the plaintiff's right of recovery, and that is known as the doctrine of the last clear chance. If, in this case, Robert was negligently and carelessly rushing across the street and into danger, and if the driver saw him thus negligently rushing into danger in time, by the exercise of reasonable care, to avoid the accident, and failed to exercise such care when, had he done so, the accident would have been avoided, then, in that case, negligence of the driver and not of the boy would constitute the proximate cause of the accident.''

This was given by the trial judge immediately following a fair, applicable instruction on contributory negligence.

It is argued, in substance, that the last clear chance rule should have been given to the jury as applicable to the situation of the appellant's son Robert and his companion prior to the time Robert started across the pavement in front of the Boone car.

If appellant's son Robert had actually been proceeding to cross the pavement in front of the Boone car, instead of stopping near the edge of the pavement and

there awaiting an opportunity to cross the pavement until the time of the arrival of the Boone car within not more than fifteen feet of opposite him, there would be, we may assume, some plausible ground upon which to rest this argument. But the argument, it seems to us, loses its force when we remember that Robert's negligence, calling for the application of the last clear chance rule, did not commence until he started across the pavement in front of the Boone car.

A number of last clear chance decisions are cited and relied upon by counsel for appellant; but in each of them it will be found, upon critical reading, that there was involved the injured person's actually being in the path of danger or actually proceeding into the path of danger. In none of them was the injured person stationary, for any appreciable period, in view of the defendant, clearly outside of the path of danger, as were Robert and his companion in this case.

Robert's negligence did not commence until he started across the pavement in front of the Boone car. Until then, the driver of the Boone car was not required to notice any negligence on the part of Robert. The last clear chance rule presupposes negligence on the part of the injured person, and, until his negligence has actually commenced, there is no room for application of the rule. *Hartley v. Lasater*, 96 Wash. 407, 165 Pac. 106; *Hubenthal v. Spokane & Inland Empire R. Co.*, 97 Wash. 581, 166 Pac. 797; *Burlie v. Stephens*, 113 Wash. 182, 193 Pac. 684; *MacDonald v. Seattle*, 126 Wash. 1, 217 Pac. 39; *Lee v. Gleason Company*, 146 Wash. 66, 262 Pac. 133.

We are of the opinion that appellant was not entitled to have the last clear chance rule given to the jury, as applicable to the case, any more favorable to him than as it was given to the jury by the above quoted instruction given by the trial judge.

Some further contentions are made that the trial judge erroneously refused to give other requested instructions. We deem it sufficient to say that we regard that those given sufficiently covered the matters sought to be covered by those requested instructions. We see no error in the giving of the other instructions complained of. Read as a whole, the instructions given seem to us to be without prejudicial fault. We are convinced that appellant has had a fair trial.

The judgment is affirmed.

TOLMAN, C. J., MAIN, MITCHELL, and HOLCOMB, JJ., concur.