[No. 26956.  Department One.  June 22, 1938.]

LESTER WEAVER et al., *Appellants*, v. J. M. WINDUST
et al., *Respondents*.[1]

*Shank, Belt, Rode & Cook* and *Leo J. Brand,* for appellants.

*Theodore B. Bruener,* for respondents.

MAIN, J.—In the complaint in this case there are three causes of action separately stated.  In the first, the plaintiff Lester Weaver seeks to recover for damages to an automobile.  In the second, he states a cause of action for personal injuries.  The plaintiffs Clinton Weaver and Margaret Weaver, his wife, in the third cause of action, seek damages for personal injuries

[1]Reported in 80 P. (2d) 766.

to Mrs. Weaver. The cause came on for trial before the court without a jury. At the conclusion of the evidence offered by the plaintiffs, the defendants challenged the legal sufficiency thereof and moved for a dismissal, and from the judgment dismissing the action, the plaintiffs appeal.

The facts, as disclosed by the evidence offered by the appellants, may be summarized as follows: The accident which gave rise to the litigation happened on the Olympic highway at a point a mile or two east of McCleary, in Thurston county, at about ten-thirty in the morning of January 18, 1937. The appellants Lester Weaver and Margaret Weaver, his mother, were proceeding east in an automobile at a speed of about twenty-five miles per hour. The respondent J. M. Windust was proceeding west. Each driver was on his own right-hand side of the road. On the south side of the highway there were places where there were trees or a group of trees which shaded the highway. The pavement was dry on the day of the accident, except where it was shaded by the trees, and in those places it was frosty or icy. As the cars approached each other, the Windust car, while passing over an icy or frosty stretch of pavement which was shaded by the trees on the south, skidded over onto its left-hand side of the pavement and into the lane upon which the Weaver car was approaching, with the result that the latter collided with the former, and caused the personal injuries to Lester Weaver and his mother, as well as damages to the automobile, for which recovery is sought.

There is no evidence as to what caused the skidding other than the bare fact that the automobile skidded while passing over the frosty or icy stretch on the pavement. There is no evidence as to the speed at which the

Windust car was being driven or as to its mechanical condition. There is no evidence that Mr. Windust did not know, and in the exercise of reasonable care could not have known, that in the shady stretches the pavement was frosty or icy.

It is a general rule that mere skidding of an automobile is not an occurrence of such uncommon or unusual character that, alone and unexplained, it can be said to furnish evidence of negligence in the operation of an automobile. *Osborne v. Charbneau,* 148 Wash. 359, 268 Pac. 884, 64 A. L. R. 251; *Cartwright v. Boyce,* 167 Wash. 175, 8 P. (2d) 968. Even though skidding in itself is not ordinarily evidence of negligence, where an automobile skids over onto its left-hand side of the road and collides with another automobile, the burden is upon the driver on the wrong side of the road to justify the violation of the law of the road and establish that he was free from fault. *Martin v. Bear,* 167 Wash. 327, 9 P. (2d) 365; *Haines v. Pinney,* 171 Wash. 568, 18 P. (2d) 496; *Thomas v. Adams,* 174 Wash. 118, 24 P. (2d) 432.

The respondents invoke the rule to the effect that, where a cause is being tried to the court without a jury and there is a challenge to the sufficiency of the evidence or a motion for nonsuit at the conclusion of the plaintiff's case, the court may weigh the evidence and determine whether, as the case then stood, the fair preponderance of the proof established facts which prevent a recovery. *Lambuth v. Stetson & Post Mill Co.,* 14 Wash. 187, 44 Pac. 148; *Kalivas v. Northern Pac. R. Co.,* 96 Wash. 309, 165 Pac. 96.

Even though the court in the case now before us had a right to weigh the evidence, it could not assume facts which were not sustained thereby. As already pointed out, the burden was upon the respondents to

show that the skidding was not due to any fault of the driver of their automobile. The mere fact that the car skidded on an icy stretch of the pavement falls short of establishing that the driver thereof was free from fault. For aught that appears in the record now before us the skidding may have been due to excessive speed, improper handling of the car, or its defective mechanical condition.

The respondents call special attention to the case of *Cartwright v. Boyce,* 167 Wash. 175, 8 P. (2d) 968, as supporting the judgment entered in this case. But that case is upon different facts and what is there said must be read in the light of the facts stated in the opinion. However, if the opinion in that case is subject to the construction that the respondents place upon it, it has been departed from in the later holdings.

The judgment will be reversed and the cause remanded for further proceedings.

HOLCOMB, GERAGHTY, ROBINSON, and SIMPSON, JJ., concur.