[No. 27418.   Department One.   June 24, 1939.]

LOIS ZURFLUH, *a Minor, by her Guardian Ad Litem, Philip Zurfluh, Appellant,* v. LEWIS COUNTY, *Respondent.*[1]

[1]Reported in 91 P. (2d) 1002.

*C. D. Cunningham* and *J. O. Davies,* for appellant.

*Jas. E. Sareault, Lee J. Campbell,* and *Lloyd B. Dysart,* for respondent.

MAIN, J.—The plaintiff, a minor, brought this action by her guardian *ad litem* to recover damages for personal injuries sustained in an automobile accident. The trial was to the court and a jury, and resulted in a verdict for the defendant. The plaintiff moved for a new trial, which motion was denied, and, from the judgment dismissing the action, she appeals.

The accident out of which the litigation arose happened September 19, 1937, about 1:30 p. m., on the Ocean Beach highway, at a point either within the town of Pe Ell, in Lewis county, or just outside the boundaries thereof. The Ocean Beach highway extends north and south, and is hard-surfaced to a width of from twenty to twenty-two feet. At the point where the accident happened, the hard-surfacing was twenty-two feet. This surfacing was a composition of gravel and oil. On either side of the hard-surfaced portion of the road was a dirt or gravel shoulder. Outside the gravel shoulder, on either side, was a ditch. The roadscraper had put up a ridge, or "winrow," of gravel on each one of the shoulders.

The appellant was proceeding south in a Chevrolet automobile, driven by Alfred Connell. She was a guest in the car. There were others in the automobile. Connell was driving at a speed of about thirty miles per hour and with the right wheels of the automobile within approximately one foot of the edge of the hard-surface. One Lee Smith, an employee of Lewis county, was proceeding in the same direction

in what is referred to as a gravel truck, which was not unloaded at the time. The truck was traveling at a speed of about thirty-five miles per hour.

Without sounding any horn or giving any signal of his intention to go by the Chevrolet, Smith drove the truck, in going by, within an inch or an inch and a half of the Chevrolet, and Connell did not know that it was approaching until the hood of the truck was opposite the front seat in which he was riding. The truck maintained its speed, and, before the back end of it had passed out in front of the Chevrolet, it cut sharply to the right, making it necessary for Connell to slow his speed, in order to avoid a collision, and turn his car to the right, which he did. In doing so, the right wheels of the automobile went on or over the gravel strip on that side of the road. Connell then turned it hard to the left to avoid going into the ditch on that side, and, in doing so, lost control of the car. It crossed the highway, went over the gravel ridge on the opposite side and into the ditch, with the result that the appellant sustained the injuries for which she seeks recovery.

It is needless to say that the evidence, in important particulars, is in dispute, and we have set forth those facts which are sustained by the evidence offered by appellant in so far as it is necessary to present the questions here for determination.

The assignments of error relate to an instruction given, and to the refusal of the court to give an instruction requested by the appellant. It will be assumed, without so deciding, that the accident in this case happened within the town of Pe Ell, and that that town is a municipal corporation. Giving effect to this assumption, we shall pass, without consideration, Rem. Rev. Stat., Vol. 7A, § 6360-77 [P. C. § 2696-835], because that section, which makes it mandatory

for the overtaking vehicle to sound a horn not less than fifty feet before reaching the overtaken vehicle, does not apply in incorporated cities and towns.

The trial court gave an instruction, to which the appellant objects, which withdrew from the jury all evidence which had been admitted touching the question of whether Smith sounded his horn or gave any other signal of his intention to pass the Chevrolet automobile before he passed it. Rem. Rev. Stat., Vol. 7A, § 6360-35 [P. C. § 2696-772], provides that:

"Every motor vehicle shall be equipped with a suitable horn, which shall be sounded at any time . . . where in the exercise of due care warning should be made . . ."

This statute places the duty upon the operator of a motor vehicle to sound a horn whenever, in the exercise of due care, such warning should be made or given. In this case, if the jury should find that the conditions present required, in the exercise of due care, that a warning be given, then Smith, by attempting to pass without sounding a horn, failed to perform a duty imposed upon him by the statute. Failure to perform such a duty is in itself negligence, *Twedt v. Seattle Taxicab Co.,* 121 Wash. 562, 210 Pac. 20; *Benson v. Anderson,* 129 Wash. 19, 223 Pac. 1063, and placed upon the operator of the truck the burden of showing that such violation of the statute did not contribute to the injury in any material degree. *Millspaugh v. Alert Transfer & Storage Co.,* 145 Wash. 111, 259 Pac. 22; *Weaver v. Windust,* 195 Wash. 240, 80 P. (2d) 766.

The question of proximate cause is usually for the jury upon the facts. It is a mixed question of law and fact which must be submitted to the jury under proper instructions, unless the facts are undisputed and the inferences to be drawn from them are plain and not open to doubt by reasonable persons.

I Cooley on Torts (3d ed.), 111; *Hellan v. Supply Laundry Co.,* 94 Wash. 683, 163 Pac. 9.

█ In the case now before us, it was for the jury to determine whether Smith was negligent in attempting to pass, without sounding a horn, within an inch or an inch and a half of the other car, and cutting sharply in front thereof. It must be remembered that this roadway was twenty-two feet wide where the accident happened. The Chevrolet was a foot, approximately, from the right-hand edge of the hard-surfacing. That would leave fourteen feet or more on the other side over which the truck could have passed without attempting to do so within such close proximity to the Chevrolet. It is true that there was no yellow strip in the center of the roadway, but the right-hand wheels of the truck must have been well over what would be the center line of the paved portion.

Aside from the statutory duty to sound a horn when one motor vehicle passes another, there is such duty required by the common law, when ordinary care and prudence requires such a warning. 2 Blashfield, Cyclopedia of Automobile Law and Practice (Perm. Ed.), § 938; *Suren v. Zuege,* 186 Wis. 264, 201 N. W. 722; *Kerlinske v. Etzel,* 194 Wis. 36, 215 N. W. 591.

█ The requested instruction which the appellant says it was error for the court not to give was to the effect that it was not necessary for the appellant to prove that the truck, at the time it was passing the automobile, came in actual contact therewith, but that the negligence of the respondent county would be established if the evidence showed that the driver of the truck drove in such close proximity to the automobile in which the appellant was riding that the driver thereof, in the exercise of ordinary care, in order to avoid a collision, was forced into the loose

gravel on the highway, and, by reason thereof, his automobile became unmanageable, and, as a result, the appellant suffered the injuries complained of.

In order to sustain the negligence of Smith, the driver of the truck, it was not necessary that the truck and the automobile come into physical contact with each other. In *Watkins v. Interstate Coach Co.*, 145 Wash. 221, 259 Pac. 393, it was said:

"Great stress is laid by appellant upon the fact that the stage never came into physical contact with any of the cars. This is a matter of no moment, if it be once established that the driver of the stage was negligent in such a manner that the driver of the other car was placed in a position of peril."

In the case of *Granger v. Farrant,* 179 Mich. 19, 146 N. W. 218, 51 L. R. A. (N. S.) 453, while the facts are a little different, the same principle is stated.

The jury had a right to find that Smith, by passing the automobile in such close proximity to it and cutting in sharply in front, placed that automobile in a position of peril, and the court should have instructed the jury that, if they found these facts, the appellant was entitled to recover. This was the theory of the appellant's case, and she had a right to have it submitted to the jury.

It is said, however, that the other instructions given were sufficient to cover this matter. But we are not in accord with this view. Nowhere in the instructions were the jury told that there could be a recovery even if the two vehicles did not come into physical contact.

The judgment will be reversed, and the cause remanded with directions to the superior court to grant a new trial.

BLAKE, C. J., STEINERT, ROBINSON, and JEFFERS, JJ., concur.