[No. 28668.   *En Banc.*   December 7, 1942.]

PORTLAND-SEATTLE AUTO FREIGHT, INC., *Appellant,* v.
VERNITA JONES, *Individually and as Administratrix,
Respondent.*[1]

[1]Reported in 131 P. (2d) 736.

604

*Bruce Bartley* and *Max R. Nicolai,* for appellant.

*Binns & Cunningham,* for respondent.

SIMPSON, J.—Plaintiff instituted this action in the superior court to recover judgment for damages to its motor truck caused in an automobile collision. The complaint charged that plaintiff's truck was damaged through the negligence of Virgil Jones, now deceased, who was the driver of the Packard coupe just before and at the time of the accident. The charges of negligence were in operating the car with more than three persons in the front or operator's seat, in driving at a rate of sixty miles per hour, and in driving the vehicle in a negligent manner in reckless disregard of the rights of other users of the highway, particularly the plaintiff.

A demurrer to the complaint, in so far as the estate of Virgil Jones was concerned, was sustained by the trial court.

Defendant, in her individual capacity and as administratrix of the estate of Virgil Jones, deceased, filed her answer in which she denied negligence on the part of Virgil Jones, and in a cross-complaint alleged that the accident was caused by the negligence of the driver of plaintiff's truck. The charges of negligence were in driving a truck on the wrong side of the street, in turning the truck to the left before it had reached the street intersection, the failure to give a signal of an intention to turn, and in driving the truck across the rightful course of the car driven by Virgil Jones.

The cause was tried to a jury and a verdict rendered in favor of defendant in her individual capacity without damages and a verdict without damages in her favor, as administratrix of the estate of Virgil Jones, deceased.

Subsequent to the return of the verdict defendant presented a motion asking for a new trial on the ground that the court had erroneously given instructions Nos. 6, 9, and 20. The motion was granted by the trial court. Plaintiff appealed and has assigned as error the granting of the motion for a new trial.

The accident occurred in Tacoma at about 11:00 p. m., August 30, 1940, at a point south of the intersection of Pacific avenue and 19th street. Pacific avenue, one of the main traveled streets of the city of Tacoma, runs in a northerly and southerly direction. 19th street on the west side intersects Pacific avenue, but does not extend east thereof. Both streets were paved. At the time of the accident there was a double street car track in Pacific avenue so laid that the approximate center of the avenue was that portion lying between the north and south bound tracks. At the time of the accident the pavement was dry, the night clear, and the street lights were burning. Appellant's truck was being driven in a northerly direction close to the west side

of the easterly car tracks. Respondent's coupe was driven in a southerly direction by Virgil Jones. Seated next to him was his wife, Vernita Jones. To her right sat Mr. Bernard holding Mrs. Bernard on his lap. Pictures introduced in evidence demonstrated that the right front corner of the truck and the left front corner of the coupe came into contact.

The evidence relating to the cause of the accident and the actions of the different parties was in hopeless conflict. Appellant's evidence showed that the truck was traveling at a speed of twenty or thirty miles per hour on its own side of the street; that, some time before reaching 19th street, the driver drove the truck near to the center of the street and, by automatic signal situated on the left front side of the truck, gave the signal of his intention to turn to his left into 19th street, but had not yet turned when struck by respondent's car.

Appellant's evidence further showed that respondent's coupe came from the north on the wrong side of the street, traveling at a rate of fifty miles per hour, and collided with the right front portion of the truck.

The evidence produced by respondent presented the following facts: That four people were riding in the front seat; that the coupe was being driven by Virgil Jones in a southerly direction on the western portion of Pacific avenue at a speed of not to exceed twenty-five miles per hour; and that, when respondent's coupe was within fifteen or twenty feet of the truck, it suddenly turned to its left in front of the coupe, thus causing the collision. As one witness put it, in speaking of the movement of the truck:

"It started easing towards over to get in the tracks, and then made a sort of a short turn. . . . Sort of a left turn."

During the trial the jury viewed the scene of the accident.

Instruction No. 6 read as follows:

"In this connection I instruct you that a person who, at the time of an accident, is engaged in the violation of a positive law, has the burden of proving by clear, cogent and preponderance of the evidence that such violation did not in any way contribute to cause such accident."

This instruction of course was given to apply to the drivers of both vehicles, each of whom was charged with violation of traffic regulations.

■ Statutes or municipal ordinances prescribing the rules of traffic establish rules of conduct which must be obeyed. They are standards for testing negligence and contributory negligence. The rule in this state is that a violation of those rules constitutes negligence *per se*. In *Johnson v. Heitman*, 88 Wash. 595, 153 Pac. 331, Judge Ellis, speaking for the court, stated:

"This court is definitely committed to the rule that 'a thing which is done in violation of positive law is in itself negligence,' in the absence of pleading and proof of such peculiar facts as would tend to justify the violation. *Engelker v. Seattle Elec. Co.,* 50 Wash. 196, 96 Pac. 1039; *Wilson v. Puget Sound Elec. R. Co.,* 52 Wash. 522, 101 Pac. 50, 132 Am. St. 1044; *Hillebrant v. Manz,* 71 Wash. 250, 128 Pac. 892; *Anderson v. Kinnear,* 80 Wash. 638, 141 Pac. 1151.

"In consonance with that rule, this court, in common with others, has repeatedly held that, in the absence of evidence of circumstances tending to excuse by making such a course reasonably necessary, a failure to observe the law of the road, resulting in injury, is negligence as a matter of law."

"It is settled law in this state that 'a thing done in violation of positive law is in itself negligence.' " *Twedt v. Seattle Taxicab Co.,* 121 Wash. 562, 210 Pac. 20.

Accord: *Snyder v. Smith,* 124 Wash. 21, 213 Pac. 682; *Sliter v. Clark,* 127 Wash. 406, 220 Pac. 785; *Ben-*

son v. Anderson, 129 Wash. 19, 223 Pac. 1063; *Geitner v. Stephenson,* 137 Wash. 464, 242 Pac. 1099; *Keller v. Breneman,* 153 Wash. 208, 279 Pac. 588, 67 A. L. R. 92; *Price v. Gabel,* 162 Wash. 275, 298 Pac. 444.

The question of whether one who at the time of an accident is engaged in the violation of positive law has the burden of showing that the violation did not contribute to the injury, has been the subject of discussion in many of our cases.

In *Segerstrom v. Lawrence,* 64 Wash. 245, 116 Pac. 876, this court called attention to the provisions of the statute requiring drivers to "seasonably turn to the right of the center of the way when passing another vehicle going in the opposite direction" and then stated:

"There is a 'law of the road' also, arising from usage and custom, which requires persons traveling upon a continuously used street or highway to keep upon the right side of such way. These are regulations to avoid collisions, and the one who neglects it and collides with another usually has the burden of explaining his conduct."

In speaking of the rule relative to driving and turning to the left side of the street, this court stated in *Burlie v. Stephens,* 113 Wash. 182, 193 Pac. 684:

"Complaint is made of instruction No. 14 to the effect that the burden of proving a violation of an ordinance of the city was upon the plaintiff, and that even if the driver of the automobile did violate the ordinance, such violation would not constitute negligence upon which recovery could be had, 'unless the act which constituted the violation of the ordinance was the proximate cause of the injury,' and that, if the jury believed that the driver of the automobile turned it from the right to the left side of the street in violation of the ordinance, but did so in an emergency, and in an effort to avoid an injury, then such violation would not constitute negligence. This instruction does nothing more than inform the jury that the mere fact, if it should be

such, that Ligman turned his automobile to the left side of the road in violation of the ordinance and statute, that fact alone would not be sufficient to make respondents liable in damages, and that whether in so doing the driver was guilty of negligence approximately causing the injury would depend upon the circumstances and the reasons existing at the time. We have no doubt that this is a correct statement of the law. Circumstances may arise where it is entirely proper, in the exercise of reasonable care, to violate the ordinance by turning an automobile to the wrong side of the street. The mere fact that the automobile may be on the wrong side of the street at the time of the collision is not conclusive of negligence, because the driver of the automobile had a right to show why he so did and to excuse that action, and if the jury believed that, in the exercise of ordinary care under the circumstances, he was justified in turning to the wrong side of the street, there could be no negligence in such act upon which recovery could be had."

This court stated in *White v. Kline,* 119 Wash. 45, 204 Pac. 796, as follows:

"Of course, it is negligence *per se* to operate a vehicle without complying with the positive requirements of a statute or ordinance in regard to such operation, but that does not mean that the person guilty of negligence in that respect cannot recover against someone else whose negligence immediately occasioned the injury. Negligence arising from the violation of a statute has the same effect as any other negligence; if it is not the proximate cause of the injury it will avoid liability, the same as any other negligence."

Accord: *Bone v. Yellow Cab Co.,* 129 Wash. 503, 225 Pac. 440.

In *Shelley v. Norman,* 114 Wash. 381, 195 Pac. 243, the following instruction was approved:

" 'One who violates the law of the road by driving on the wrong side assumes the risk of such an experiment and is required to use greater care than if he had kept on the right side of the road. If a collision takes place

under such circumstances, the presumption is against the party who was on the wrong side. But the presumption is *prima facie* and has the effect only of casting the burden of justifying his position upon the man who was on the wrong side.' "

We find the following rule in *Twedt v. Seattle Taxicab Co.*, 121 Wash. 562, 210 Pac. 20:

"It is the rule, also, that, when one acts in direct disobedience of positive law and meets with an accident while in the very act of disobedience, he cannot charge the fault to another without a very clear showing to the effect that his fault did not contribute to the accident."

*Benson v. Anderson*, 129 Wash. 19, 223 Pac. 1063, states the rule as follows:

"One injured while in the act of disobedience of them [statutes regulating traffic] should be compelled to show with clearness that his act in no way contributed to his injury."

In *Millspaugh v. Alert Transfer & Storage Co.*, 145 Wash. 111, 259 Pac. 22, it was held:

"It is settled law in this state that a thing done in violation of positive law is in itself negligence. . . . But it does place the burden upon the party guilty of a violation of positive law to show that such violation did not contribute to the injury in any material degree.

"Since the appellant was guilty of negligence in operating his motorcycle in violation of the state law, and since he did not show that such negligence did not contribute to the injury he received, we conclude that the trial court did not err in its judgment dismissing his action."

In *Martin v. Bear*, 167 Wash. 327, 9 P. (2d) 365, the law was announced as follows:

"If a car, while driven on the wrong side of the highway, collide with another car, the burden is upon the driver upon the wrong side of the highway to justify

his violation of the law of the road. Berry on Automobiles (2d ed.) § 171, p. 206.

"Respondents insist that they were not violating the law of the road when they were on the wrong side of the road; that they traveled upon their own right-hand side of the pavement until their car skidded from that side of the pavement over on to the left or wrong side of the pavement; and that they were under no duty to explain how and why the accident happened.

"True, the mere skidding of respondents' automobile was 'not an occurrence of such uncommon or unusual character that alone and unexplained it can be said to furnish evidence of negligence in the operation of a car.' *Osborne v. Charbneau,* 148 Wash. 359, 268 Pac. 884, 64 A. L. R. 251; Huddy Encyc. of Automobile Law (9th ed.), vol. 3-4, § 68, p. 120.

"The law of the road, however, required respondents' automobile to keep to the right of the center of the highway. The presence of that automobile on the wrong side of the highway caused an injury and created liability, unless excusable or justifiable. While respondents were excusable if, without fault on their part, their automobile skidded across the center line of the highway, the burden of proving excuse or justification was upon them."

This rule was cited with approval in *Hughes v. Wallace,* 6 Wn. (2d) 396, 107 P. (2d) 910, and *Tutewiler v. Shannon,* 8 Wn. (2d) 23, 111 P. (2d) 215.

We held in *Haines v. Pinney,* 171 Wash. 568, 18 P. (2d) 496, as follows:

"While skidding, in itself, is not ordinarily evidence of negligence, where a car skids upon its left-hand side of the road and collides with another automobile, the burden is upon the driver upon the wrong side of the highway to justify the violation of the law of the road."

In *Stack v. Dowell, Inc.,* 172 Wash. 9, 19 P. (2d) 125, it was stated:

"When a defendant has violated the statute (or an ordinance), he has the burden of proving excuse or justification. He has the affirmative of the issue to justify his violation of the law of the road."

In *Bredemeyer v. Johnson,* 179 Wash. 225, 36 P. (2d) 1062, error is based upon the refusal of the trial court to give instructions to the effect that one who violated an ordinance must show that his violation was not the proximate cause of the collision which caused an injury. In that case, this court set out the quotation contained in *Millspaugh v. Alert Transfert & Storage Co., supra,* to which we have just referred, and then held that it was overruled

". . . in so far as it holds that the burden of proof is on a plaintiff to show that negligence on his part is not a proximate cause of the injury."

In *McPherson v. Wakamatsu,* 188 Wash. 320, 62 P. (2d) 732, we upheld an instruction which read in part as follows:

" 'The law of the road requires that automobiles be operated on the right of the center of the highway, and where an automobile skids across the center line of the road to the left side the burden is on the driver upon the wrong side of the highway to excuse his violation of the law of the road.' "

The following statement is found in *Brotherton v. Day & Night Fuel Co.,* 192 Wash. 362, 73 P. (2d) 788:

"Of course, one who violates a statute or lawful rule of the road must show that he has, in fact, exercised due care, and that he is not, in law, responsible for his infringement of the law."

The rule is restated as follows in *Weaver v. Windust,* 195 Wash. 240, 80 P. (2d) 766:

"Even though skidding in itself is not ordinarily evidence of negligence, where an automobile skids over onto its left-hand side of the road and collides with another automobile, the burden is upon the driver on the wrong side of the road to justify the violation of the law of the road and establish that he was free from fault."

In *Zurfluh v. Lewis County*, 199 Wash. 378, 91 P. (2d). 1002, this court decided as follows:

"The trial court gave an instruction, to which the appellant objects, which withdrew from the jury all evidence which had been admitted touching the question of whether Smith sounded his horn or gave any other signal of his intention to pass the Chevrolet automobile before he passed it. Rem. Rev. Stat., Vol. 7A, § 6360-35 [P. C. § 2696-772], provides that:

" 'Every motor vehicle shall be equipped with a suitable horn, which shall be sounded at any time . . . where in the exercise of due care warning should be made. . . .'

"This statute places the duty upon the operator of a motor vehicle to sound a horn whenever, in the exercise of due care, such warning should be made or given. In this case, if the jury should find that the conditions present required, in the exercise of due care, that a warning be given, then Smith, by attempting to pass without sounding a horn, failed to perform a duty imposed upon him by the statute. Failure to perform such a duty is in itself negligence, *Twedt v. Seattle Taxicab Co.*, 121 Wash. 562, 210 Pac. 20; *Benson v. Anderson*, 129 Wash. 19, 223 Pac. 1063, and placed upon the operator of the truck the burden of showing that such violation of the statute did not contribute to the injury in any material degree. *Millspaugh v. Alert Transfer & Storage Co.*, 145 Wash. 111, 259 Pac. 22; *Weaver v. Windust*, 195 Wash. 240, 80 P. (2d) 766."

In *American Products Co. v. Villwock*, 7 Wn. (2d) 246, 109 P. (2d) 570, 132 A. L. R. 1010, it was stated:

"Furthermore, the burden of proving negligence by a preponderance of the evidence rests upon the party alleging it, and the party charged is not required to assume the burden of proving that he was not negligent, but is only required, in response to a *prima facie* case of negligence made against him, to come forward with evidence excusatory of his negligence. The extent to which he must go in that respect is only to the point of producing evidence sufficient to balance the scales upon that issue. Beyond that point, he is not

required to go. The original burden of proving negligence by a preponderance of the evidence remains throughout the case upon the party charging negligence."

We adhere to the rule as announced in the *White, Bredemeyer,* and *American Products Company* cases and overrule the *Zurfluh* case in so far as it holds contrary to that rule.

■   Instruction No. 6 was improperly worded and should not have been given.

■   Instruction No. 9 reads:

"When physical facts are uncontroverted and speak with a force that overcomes testimony to the contrary, you are bound to follow the physical facts rather than the testimony of the witnesses."

We find no fault with the instruction as worded, but fail to find that it applies to the facts as presented in this case. The physical facts, as disclosed by the evidence, did not in any way dispute the testimony of the witnesses for the appellant or those for the respondent.

■   Appellant argues that because of the fact that the jury viewed the scene of the accident and observed the streets and the surrounding physical objects that it had before it "real evidence" and were in a position to determine that the things they saw overcame the testimony of the witnesses. We are unable to agree with this contention.

Rem. Rev. Stat., § 344 [P. C. § 8509], authorizes the trial court, in its discretion, to allow a jury to view the place where the "material fact occurred." The purpose of viewing, however, is only to allow the jury to better appreciate and understand the evidence produced before them in open court. The purpose is not that of supplying evidence or allowing the jury to obtain new or additional evidence. *State v. Lee Doon, 7*

Wash. 308, 34 Pac. 1103; *State v. Much*, 156 Wash. 403, 287 Pac. 57; *Laflin v. Chicago, W. & N. R. Co.*, 33 Fed. 415; *Wright v. Carpenter*, 49 Cal. 607; *Crane v. Oregon R. & N. Co.*, 66 Ore. 317, 133 Pac. 810; *Sorenson Co. v. Denver & R. G. R. Co.*, 49 Utah 548, 164 Pac. 1020; *Norfolk v. Anthony*, 117 Va. 777, 86 S. E. 68; *Southern Oregon Orchards Co. v. Bakke*, 106 Ore. 20, 210 Pac. 858; *Geohegan v. Union Elevated R. Co.*, 258 Ill. 352, 101 N. E. 577; *Snyder v. State*, 59 Ind. 105; *Guinn v. Iowa & St. L. R. Co.*, 131 Iowa 680, 109 N. W. 209.

If the rule was as contended for by appellant, it would make the individual view of each juror, derived from the view, an element in arriving at a conclusion as to the acts of the parties to the action without it being introduced in evidence for the benefit of the other jurors or for the benefit of the parties litigant.

█ Instruction No. 20 was given by the court in the following language:

"Even if you find from the evidence in this case that plaintiff's vehicle was proceeding down the left hand portion of Pacific Avenue, if you further find that being in the position in which it was plaintiff's truck could not, in the moment before collision, due to its size and weight, evacuate that position, if you further find notwithstanding the foregoing that the truck was visible and lighted and that the operator of the Packard could have stopped before striking the same, then I instruct you that the driver of the Packard, Virgil Jones, deceased, the husband of the defendant herein, had the last clear chance to avoid the accident and that his failure so to do was negligence and your verdict shall be for the plaintiff."

It was improper to give this instruction. The doctrine of last clear chance has two phases, depending upon whether the party charged actually saw the person injured in time to have avoided the accident, or whether the individual charged should have seen the other in time to avoid the accident but really did not.

Under the first phase involving actual knowledge of the other's plight, the rule of this court has been that the doctrine is applicable even though the negligence of the injured individual may have continued down to the moment of the impact.

Under the second phase, however, in which the individual charged should have seen the other in time to avoid the injury, but actually did not, the rule has no effect unless it is shown that the negligence of the injured party terminated or culminated in a situation of peril from which he could not extricate himself.

Considered from the view point of respondent, it is plain that the negligence of the driver of appellant's truck was not apparent until immediately before the moment of the impact. The driver of the truck was not in a position of danger until the moment he turned his truck in the path of the approaching coupe, and the driver of the coupe, had he seen him, would not be required to anticipate that the truck driver would so negligently conduct himself as to risk injury by turning in front of the moving car. There is no room for the application of the rule until the negligence of the injured person has commenced. *Stubbs v. Boone,* 164 Wash. 368, 2 P. (2d) 727.

In *Hartley v. Lasater,* 96 Wash. 407, 165 Pac. 106, we stated:

"Last clear chance implies thought, appreciation, mental direction, and the lapse of sufficient time to effectually act upon the impulse to save another from injury, or the proof of circumstances which will put the one charged to implied notice of the situation."

Accord: *Burlie v. Stephens,* 113 Wash. 182, 193 Pac. 684; *Colwell v. Nygaard,* 8 Wn. (2d) 462, 112 P. (2d) 838.

On the other hand, if we consider the question as presented by appellant's evidence, we must hold that the instruction was erroneous for the reason that ap-

pellant's driver was not negligent and was not in a position of peril.

■ Appellant contends that in any event the case should be reversed, for the reason that the driver of the coupe was guilty of contributory negligence, as a matter of law, and that erroneous instructions were not prejudicial.

The evidence adduced by respondent was sufficient, if believed by the jury, to have justified a verdict in her favor.

Appellant argues, however, that, by having four people in the front seat, the driver of the coupe violated Rem. Rev. Stat., Vol. 7A, § 6360-116 [P. C. § 2696-874], and for that reason was negligent and cannot recover.

The evidence given by respondent and Mr. and Mrs. Bernard showed that the activities of the driver of the coupe were not in any way restricted by the presence of the three persons occupying the seat with him. The question of whether or not the fact that four rode in the driver's seat contributed to the accident, was one for the consideration of the jury.

We are unable to hold that the driver of the coupe was guilty of such negligence as would preclude a verdict in favor of respondent.

We conclude that the instructions given to the jury were improper and that the court was justified in granting a motion for a new trial.

Order affirmed.

Robinson, C. J., Beals, Millard, Steinert, Blake, and Jeffers, JJ., concur.