[No. 29076. Department Two. November 23, 1943.]

JACK ALLEN, *Appellant,* v. HAROLD PORTER *et al.,* *Respondents.*

E. S. DRENNEN, *as Administrator, Appellant,* v. CHESTER PORTER *et al., Respondents.*[1]

[1]Reported in 143 P. (2d) 328.

*Koenigsberg & Sanford (Walter Metzenbaum,* of counsel), for appellants.

*J. Speed Smith* and *Henry Elliott,* for respondents.

MALLERY, J.—The above entitled actions were brought by the plaintiffs to recover damages from the defendants, arising out of a collision between a motorcycle and an automobile. They were consolidated and tried before the court without a jury. From judgments of dismissal, the plaintiffs appeal.

On December 25, 1941, Delbert Drennen was driving his motorcycle along Griffin avenue in Enumclaw, Washington, between Harding avenue and Pioneer street, in an easterly direction. The appellant Jack Allen was riding behind Drennen. Their motorcycle collided with the right-hand side of the respondent Travashek's automobile, which was standing at a forty-five degree angle diagonally across the south half of the pavement headed in a general southeasterly direction. Prior to the collision, the eighteen year old son of respondent Travashek had driven the automobile off the pavement and into the ditch, and, after securing assistance, had succeeded in pulling the car into that position shortly before the collision. At that time, it occupied all but a couple of feet of that half of the road which would be the appellant's right side. The testimony is in conflict, but it appears that there was fog of some degree of density.

The respondents set up an affirmative defense of contributory negligence in two particulars: First, that Drennen was operating his motorcycle at a high or dangerous and

reckless rate of speed under the atmospheric conditions; and, second, that he was operating his motorcycle with defective and insufficient headlights.

We will discuss appellants' assignments of error one, two, and six together. They are: (1) The court erred in holding Drennen and Allen were guilty of contributory negligence; (2) the court erred in holding Allen was engaged in a joint venture with Drennen and that Drennen's negligence was Allen's negligence and that Allen must have known the headlight was defective; (6) the court erred in allowing into evidence testimony of joint venture when it was not pleaded.

While there was some conflict in the evidence, the record sustains the findings of fact by the court, among which are the following:

"That in the operation of said motorcycle at a speed of approximately forty miles per hour, at said time and place, and in having a sack over the headlight of said motorcycle without a lens as required by law, Delbert Drennen was guilty of negligence which materially contributed to his injury and death.

"That Jack Allen and Delbert Drennen had started out the evening of this accident to celebrate Christmas, with the agreement they would share expenses. Allen was riding on the rear of said motorcycle and had been riding thereon with said Delbert Drennen for several hours prior to the happening of this accident; that about a half hour before the accident, Drennen and Allen had stopped at a road house and had worked upon said motorcycle for a period of one hour to make repairs on it; that under the evidence, Allen knew of this defective headlight prior to the accident and was guilty of contributory negligence in riding upon a motorcycle equipped with such headlights."

Appellants contend that the speed and the defective headlights were not proximate causes of the injury, even though they were violative of traffic regulations, because the sack over the motorcycle lens made it easier to see in the fog and because the driver had right to assume that the road was clear and that others would obey the law. He also contends

that there was a presumption that deceased, Drennen, used due care in operating the motorcycle.

■ Contributory negligence is always a question of fact, even though the act complained of is a violation of law. Where, however, it is found that an act is a proximate cause of the injury, it can never be excused as being the act of an ordinary, prudent person, where it is in direct violation of the law. *Twedt v. Seattle Taxicab Co.,* 121 Wash. 562, 210 Pac. 20; *Millspaugh v. Alert Transfer & Storage Co.,* 145 Wash. 111, 259 Pac. 22; *Zurfluh v. Lewis County,* 199 Wash. 378, 91 P. (2d) 1002. Here, the court found that the defective headlight and the rate of speed under the existing conditions were proximate causes of the injury, and, since they were in violation of the law, they constituted contributory negligence. *Millspaugh v. Alert Transfer & Storage Co., supra;* Rem. Rev. Stat., Vol. 7A, §§ 6360-64, 6360-15, 6360-25 [P. C. §§ 2696-891, 2696-799, 2696-809].

■ Appellants' citations to support their contention that this court has refused to subscribe to the doctrine that a driver must drive within the radius of his lights, are not apropos when coupled with excessive speed on a foggy night. The same is true of appellants' citation in support of their contentions that a driver may assume that the road is clear and that others will obey the law under such conditions. The presumption that due care was exercised by the deceased, Drennen, disappeared in the face of the positive and direct testimony of his lack of due care. *Sweazey v. Valley Transport,* 6 Wn. (2d) 324, 107 P. (2d) 567, 140 A.L.R. 1; *Morris v. Chicago M. St. P. & P. R. Co.,* 1 Wn. (2d) 587, 97 P. (2d) 119, 100 P. (2d) 19.

■ The court found that Allen must have known the headlight was defective, and this is sustained by competent testimony. He was also aware of the speed at which they were traveling. One riding on a motorcycle as a guest is chargeable with the operator's contributory negligence, where he knows that the operator is not within the law in reference to headlights and speed. *LeDoux v. Alert Transfer & Storage Co.,* 145 Wash. 115, 259 Pac. 24; *Sadler v.*

*Northern Pac. R. Co.,* 118 Wash. 121, 203 Pac. 10; *Bauer v. Tougaw,* 128 Wash. 654, 224 Pac. 20; *Graves v. Mickel,* 176 Wash. 329, 29 P. (2d) 405; *Meath v. Northern Pac. R. Co.,* 179 Wash. 177, 36 P. (2d) 533. It is true, as appellants contend, that joint venture must be specially pleaded, and the random statement, "Drennen and I were out Christmas evening together and I was sharing expenses with him" does not establish a joint venture. However, the court's reference to a joint venture may be treated as surplusage. Without it there remains the court's conclusion of contributory negligence founded upon the pertinent finding that Allen was aware of the excessive speed and defective headlight and that his acceptance of the ride under these conditions is negligence.

Appellants next contend in their assignment of error number three, that the court erred in refusing to allow Andrew Skeel, an expert witness, to state his opinion of the speed of the motorcycle, based on the damage to the motorcycle. In order to qualify as an expert witness, Andrew Skeel testified that he repaired motorcycles that had been wrecks, that he had seen motorcycle wrecks, had inquired in regard to the speed of motorcycles that had been in wrecks, and had ridden motorcycles that had been in wrecks. The court sustained an objection to his expert opinion evidence. While there is some conflict in the decisions upon this point, we believe the better rule is that it is not a proper subject for expert testimony, since the court or jury can draw his or their own conclusions from the facts as well as the witness, in the absence of a showing that the subject is beyond the understanding of an ordinary person. *Oyster v. Dye,* 7 Wn. (2d) 674, 110 P. (2d) 863, 133 A.L.R. 720; *Warren v. Hynes,* 4 Wn. (2d) 128, 102 P. (2d) 691; *State v. Carlsten,* 17 Wn. (2d) 573, 136 P. (2d) 183.

Lastly, appellants contend in their assignments of error numbered four and five, that the court erred in admitting in evidence the motorcycle headlight frame and the fabric sack, which were identified by Patrolman Gray as the ones that were on the motorcycle at the time of the acci-

dent, on the ground that he ceased to have custody of them for some months prior to the trial, and also in holding that they were in the same condition as they were on the night of the accident. At the time of the accident, Mr. Gray was a state patrolman. He came to the scene shortly after the accident and took the headlight and sack and left them at the Enumclaw police station, where they were kept under lock and key, in the custody of Tom Smith, chief of police, who brought them to court for the trial. Gray identified them as follows:

"Q. Was there a headlight on the motorcycle? A. Yes. Q. Was there anything over the place where the lens should be? Was there any lens in it? A. There was no lens in the light, no. Q. Was there something over the light? A. Yes, there was a sack, a cloth sack, serving as a cover for the reflector. Q. Did you remove the light from the motorcycle? A. Yes, sir, I did. Q. I have just handed you something. Is that the headlight that was taken from the motorcycle? MR. SMITH: Handing you what has been marked defendant's exhibit number 5, I will ask you if this is the headlight that you removed from the motorcycle on the night of this accident. MR. METZENBAUM: I object. THE COURT: He is asking him to identify it. A. It appears to be the same one. Q. (By MR. SMITH) Is it in the same condition it was when you took it off as far as the lens is concerned? A. It appears to be, yes, Q. Well, was there any lens on it that night when you took this off, when you took it off of the motorcycle? A. No, there was no lens on it. Q. And this was tied around it in this manner here? A. Yes, sir."

This was sufficient basis for the admission of the headlight and sack in evidence. An exhibit is admissible, so far as identity is concerned, when it has been identified as being the same object about which the testimony was given and when it is stated to be in the same condition as at the time of the occurrence in question. It is not necessary to negative the possibility of an opportunity for tampering with an exhibit, nor to trace its custody by placing each custodian upon the witness stand. 32 C. J. S. 458. The statement that the exhibit is the identical object and that it is in the same condition as of the time of the occurrence, while mak-

ing the exhibit admissible, does not, of course, preclude the right to rebut these statements. Since the cause was tried by the court, we find the court did not err in holding as a fact that the headlight was in the same condition as on the night of the accident.

The judgments are affirmed.

MILLARD, BLAKE, and ROBINSON, JJ., concur.

SIMPSON, C. J., concurs in the result.

